UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERWIN LEYBA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:14-cv-00694-JMS-DKL |
| LAURIE JOHNSON Superintendent, | ) ) ) |
| Respondent. | ) ) |

**Entry Directing Further Proceedings**

**I.**

Petitioner Erwin Leyba's motion for leave to proceed in forma pauperis [dkt. 2] is **denied** because Leyba paid the $5.00 filing fee on May 8, 2014.

**II.**

Leyba is confined in an Indiana correctional facility as the result of his Indiana convictions for conspiracy and dealing in cocaine or narcotic drugs. *See Leyba v. State,* No. 71A04–9402–CR–53 (Ind.App.Ct. March 21, 1995). He recently litigated to completion an earlier habeas action in the Northern District of Indiana, this being *Leyba v. Superintendent*, 3:11-CV-198 JD, 2013 WL 351107 (N.D.Ind. Jan. 29, 2013). Leyba's habeas petition makes reference to the prior habeas action, as well as to a host of other rulings in the state courts. Leyba seeks damages and his release.

# III.

## A.

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). This fully applies to the awkward and confused verbiage which Leyba has compiled in his petition for a writ of habeas corpus.

Based on the foregoing, and based also on the fact that notice pleading does not suffice in an action for habeas corpus relief, see *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), the petitioner shall have **through June 6, 2014,** in which to **supplement** his petition for a writ of habeas corpus by doing the following:

- *First,* he shall **re-state with clarity each of the claims he asserts in this action** and shall explain the facts or circumstances (not the law) supporting each such claim.

- *Second,* pursuant to 28 U.S.C. § 2254(d)(1), petitioner shall **supplement** his petition by identifying with respect to each of his claims in what sense, if any, the state court's adjudication (i) resulted in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) resulted in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States. The petitioner shall also, pursuant to 28 U.S.C. § 2254(d)(2), identify with respect to each of his claims, in what sense the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

- As to any claim which has not previously been presented to the Indiana state courts, the petitioner shall explain what circumstances exist permitting him to present the claim to federal court in an action for habeas corpus without having previously presented

the claim to the Indiana state courts.

**B.**

Leyba's habeas petition makes reference to Rule 60(b) of the *Federal Rules of Civil Procedure.* The habeas petition cannot be treated as such a motion relative to any prior litigation in this District because no such prior litigation has occurred in this District.

**C.**

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.* A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. U.S.,* 259 F.3d 763 (7th Cir. 2001).

Leyba shall also have **through June 6, 2014,** in which to state whether his habeas petition in this action challenges the same underlying conviction as that challenged in *Leyba v. Superintendent,* No. 3:11-CV-198 JD, 2013 WL 351107 (N.D.Ind. Jan. 29, 2013), and if so whether he has obtained permission from the Court of Appeals pursuant to 28 U.S.C. § 2244(b) to proceed with such an action.

## IV.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Based on the petitioner's responses to directions in Part III.A. and III.C. of this Entry, or on his failure to respond if no responses are filed, the Court will either summarily dismiss the habeas petition or will direct its further development.

**IT IS SO ORDERED.**

Date: __05/14/2014__

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:
ERWIN LEYBA    #935638
INDIANAPOLIS RE-ENTRY EDUCATIONAL FACILITY
401 North Randolph Street
Indianapolis, IN 46201